

MINUTE ENTRY
FELDMAN, J.
November 9, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SCOTTSDALE INSURANCE COMPANY             *       CIVIL ACTION

VERSUS                                   *       NO. 00-225

SCOTT G. JONES, ET AL.                   *       SECTION "F" (4)


Before the Court is the plaintiff's Motion for Reconsideration of Court's Denial of Summary Judgment on Issue of Liability, or Alternatively, Certification Under 28 U.S.C. § 1292(b). For the following reasons, the motion is denied.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).

1  | DATE OF ENTRY |
   | NOV 1 3 2000  |



On September 29, 2000, the Court issued its Order and Reasons denying the defendants' motion to disqualify plaintiff's counsel and denying the plaintiff's motion for summary judgment on the issue of liability.  Because the present motion for reconsideration was filed within ten days of entry of judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., United States v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); United States v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).  Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Deutsch v. Burlington N. R.R., 983 F.2d 741 (7th Cir. 1992).

The first four of the plaintiff's arguments in this motion are essentially the same as the arguments it asserted in its motion for summary judgment.  As to these issues, there has been no clarification of issues or new evidence that persuades the Court to vacate its earlier judgment.  With respect to Scottsdale's fifth and final argument that the Court erred in failing to address whether Mr. Jones' filing of an allegedly false affidavit on behalf

2

of Mr. McCahill is presumptive legal malpractice, the Court notes that Scottsdale did not make such an argument in its motion for summary judgment. Because the issue was not argued to the Court, the Court did not rule on this issue in its Order and Reasons. The Court declines the plaintiff's invitation to devise arguments on its behalf and sua sponte reach legal conclusions rendering the defendants liable. An expectation that the Court would do otherwise is preposterous.

In the alternative, Scottsdale seeks certification under 28 U.S.C. § 1292(b) on three issues: (1) whether the Court erred as a matter of law in believing that Mr. McCahill's medical malpractice case could prescribe before the amputation, (2) whether the Court's ruling that contested issues exist on whether the defendants clearly informed Scottsdale is clearly erroneous, and (3) whether the Court erred as a matter of law in failing to address the defendant's filing of Mr. McCahill's false affidavit. Title 28, United States Code, Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

The Court finds that the issues on which Scottsdale seeks

certification do not involve controlling questions of law as to which there is substantial ground for difference of opinion. Nor would an immediate appeal materially advance the termination of this litigation. Therefore, the Court declines to certify an appeal under 28 U.S.C. § 1292(b). Allowing an interlocutory appeal in these circumstances would be contrary to Fifth Circuit policy disfavoring piecemeal appeals. See <u>Clark-Dietz & Assocs.-Eng'rs v. Basic Constr. Co.</u>, 702 F.2d 67, 69 (5th Cir. 1983).

Accordingly,

IT IS ORDERED: that the plaintiff's Motion for Reconsideration of Court's Denial of Summary Judgment on Issue of Liability, or Alternatively, Certification Under 28 U.S.C. § 1292(b) is DENIED.

