

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | * | CIVIL ACTION NO. 00-0225 |
| VERSUS | * | SECTION "F" |
| SCOTT G. JONES, ESQ., HULSE AND WANEK, PLC AND XYZ INSURANCE COMPANY | * | MAGISTRATE (4) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN REPLY TO SCOTTSDALE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

MAY IT PLEASE THE COURT:

#### INTRODUCTION

On December 18, 2000, Scott G. Jones and the law firm of Hulse & Wanek, PLC, defendants in the above-captioned matter, filed a Motion to Strike requesting therein that Scottsdale Insurance Company ("Scottsdale") be prohibited from calling Rick Kannally ("Mr. Kannally") as a witness or using his *ex parte* affidavit. On or about December 19, 2000, Scottsdale filed a Response to Defendants' Motion to Strike arguing therein that Mr. Kannally's inability to testify by deposition is the result of "Defendants' failure to promptly pursue discovery." (*See*, Scottsdale Insurance

Company's Response to Defendants' Motion to Strike, p. 2). Scottsdale further argues that Defendants have failed to articulate "what untrue statement Mr. Kannally is supposed to have made" that requires he be deposed. (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, p. 3). As will be articulated below, Mr. Kannally's inability to testify is solely the direct result of his poor health and not the result of anything Defendants did or failed to do. Secondly, in their Memorandum in Support of Defendants' Motion to Strike, Defendants specifically state the issues regarding which they seek to depose Mr. Kannally. It is Defendants' fundamental right to cross examine Mr. Kannally as a witness from whom Scottsdale offers testimony. Accordingly, Defendants' Motion to Strike should be GRANTED.

## LAW and ARGUMENT

A.  **Mr. Kannally's Inability to Testify is Solely the Result of His Poor Health and Not the Result of Anything Defendants Did or Failed To Do**

In its Response to Defendants' Motion to Strike, Scottsdale argues that "Defendants' failure to promptly pursue discovery caused the alleged prejudice which defendants now claim." (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, p. 2). Scottsdale's basis for this argument is that the above-captioned lawsuit was filed January 25, 2000, and Mr. Kannally's deposition was requested in October, 2000. What Scottsdale does not articulate, however, is that the discovery cut-off in this matter was not until January 2, 2001. Defendants requested the opportunity to depose Mr. Kannally almost three (3) months prior to the discovery cut-off date. Thus, there was absolutely nothing dilatory about Defendants' efforts to pursue the matter.

Secondly, Scottsdale fails to articulate how the result would have been any different had Defendants requested Mr. Kannally's deposition at an earlier time. Mr. Kannally has an inoperable

brain aneurysm. (*See*, Defendants' Motion to Strike and Exhibit "D" thereto). Obviously, this is not a condition with a sudden onset. Scottsdale has failed to show that the situation would have been any different between March[1] and October of 2000. The inability to depose Mr. Kannally is due to his unfortunate poor health, not to anything Defendants did or failed to do.

**B.    Defendants Specifically Articulate the Issues Regarding Which They Seek to Depose Mr. Kannally**

In its Response to Defendants' Motion to Strike, Scottsdale argues that "Defendants do not state what untrue statement Mr. Kannally is supposed to have made." (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, p. 3). However, Defendants are very specific as to the issues regarding which they seek to depose Mr. Kannally. (*See*, Memorandum in Support of Defendants' Motion to Strike, pp. 4 and 5). For example, Scottsdale makes allegations that Jones negligently or fraudulently failed to inform Scottsdale of the State of Louisiana's Exception of Prescription in the underlying medical malpractice matter. (*See*, Memorandum in Support of Defendants' Motion to Strike, p. 4 and Exhibit "H" attached thereto). However, this statement is **directly contradicted** by Mr. Kannally's own "note pad" entries to which he refers in his Affidavit which state:

> rec'd Memo in Opposition to Exception of Prescription. We contend our claim was brought w/in applicable prescriptive period.

(*See*, Exhibit S-2 to the Deposition of Scottsdale's Rule 30(b)(6) Representative, Beth A. Brezinski, attached hereto as Exhibit "A"). Thus, Defendants are clearly entitled to cross examine Mr.

---

[1] Scottsdale argues that Defendants should have requested Mr. Kannally's deposition beginning in March 2000. (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, p. 2).

3

Kannally on his statements which allegedly support Scottsdale's allegations that they did not know about the State of Louisiana's Exception of Prescription or how he was "misled" by Mr. Jones regarding the merits of same.

Furthermore, while Scottsdale pigeonholes Defendants' argument as one simply of wanting to "test the veracity" of Mr. Kannally's affidavit testimony, the issue is much broader than Scottsdale represents. While Defendants do refer specifically to the testimony in Mr. Kannally's *ex parte* Affidavit, Defendants are entitled to elicit Mr. Kannally's deposition testimony on any subject as to which he has knowledge. Thus, while Defendants are aware of some of the specific areas to which Scottsdale will have Mr. Kannally testify from his Affidavit, Defendants are nonetheless entitled to cross examine Mr. Kannally on any and all areas which he may potentially testify, some of which may be unknown to Defendants since they do not have the opportunity to take his deposition. This right to cross examine is no less fundamental in a civil case than it is in a criminal matter.[2]

### C.   Scottsdale's Intention to Urge Defendants to Stipulate to Mr. Kannally's Affidavit is Irrelevant

Apparently in support of its argument, Scottsdale states that it intends to "urge defendants to stipulate to uncontested aspects of this case, including Mr. Kannally's affidavit, at least to the extent that defendants find themselves unable to contest any aspect of the affidavit." (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, p. 4). First, Defendants have no intention of stipulating to the "facts" stated in Mr. Kannally's affidavit. Secondly, to the extent that

---

[2] Scottsdale criticizes Defendants for citing to cases which, in turn, cite to criminal cases. (*See*, Scottsdale Insurance Company's Response to Defendants' Motion to Strike, pp. 4 and 5).

Defendants "find themselves unable to contest any aspect of the affidavit," this goes directly to the heart of Defendants' argument that they have a right to depose Mr. Kannally for the purpose of contradicting or impeaching his testimony. Thus, Scottsdale's intention to urge Defendants to stipulate to Mr. Kannally's affidavit is of no moment.

## CONCLUSION

For the reasons stated herein and in the Memorandum in Support of Defendants' Motion to Strike, Defendants Motion to Strike should now be GRANTED.

Respectfully submitted,

*[signature]*

WILLIAM E. WRIGHT, JR. #8564
MARGARET L. SUNKEL #25888
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine St.
New Orleans, Louisiana 70130-3672
Telephone: (504) 581-5141
Attorneys for Scott G. Jones and Hulse
& Wanek, PLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing pleading has been served upon all parties to this proceeding, by mailing a copy of same to each attorney of record by United States mail, properly addressed, and first class postage prepaid on this 5th day of January, 2001.

0

*[signature]*

5

*504-523-6139*

```
Note Pad - For Claim                        DSK   5/10/00 12:53:03   Update

Claim   00206491     Policy  GLS0389377
Insured Name         MAYER INVESTMENTS, ETAL


Description RECOVERY-CONT
Keywords

04/11/96 RHK ASSIGNED BY JUDY SUHR W/O FILE.REVIEW OF NOTEPAD ENTRIES INDICATES
POSSIBLE CONTRIB.FROM MED MAL ACTION AGAINST M.D. AND HOSP. LOSS-$600K;LAE$35K.
....05/07/96 RHK READ FILE IN ITS ENTIRETY(3 VOLS)..SENT FAX TO ATTY SCOTT JONES
ADVISING OF MY INVOLVEMENT.,.05/17/96 RHK STATUS. PLTF WENT TO CHARITY HOSP TO
BE TX'D FOR FX ANKLE AND EVENTUALLY HAD LEG AMPUTATED.WE PD $600K.AND NOW ARE PU
RSUING HOSP FOR MED MAL.ADMINISTRATIVE PROCESS HAS TO BE EXHAUSTED AND
IRRESPECTIVE OF RESULTS WE CAN STILL SUE.NOTE THAT LEGISLATURE HAS TO APPROVE
SETTLEMENT.LONG DRAWN OUT PROCESS... 07/30/96 RHK REC'D MEMO IN OPPOSITION TO
EXCEPTION OF PRESCRIPTION. WE CONTEND OUR CLAIM WAS BROUGHT W/IN APPLICABLE
PRESCRIPTIVE PERIOD.  09/03/96 RHK  REC'D COPY OF OUR SUBMISSION OF CONTENTIONS
AND EVIDENCE. 09/26/96 RHK PD.LEGAL OF $1638.45. 10/02/96 RHK ATTY STATUS.MEDICA
L REVIEW PANEL TO RENDER DECIS. 10/23/96 ON WHETHER OR NOT THERE WAS ANY
                                                                      More...

F3=Exit   F6=Update   F12=Cancel
```

