FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 12  PM 4: 26

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | * | CIVIL ACTION NO. 00-0225 |
| VERSUS | * | SECTION "F" |
| SCOTT G. JONES, ESQ., | * | MAGISTRATE (4) |
| HULSE AND WANEK, PLC | | |
| AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OPPOSITION TO PLAINTIFF'S
### MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS
### FROM SUBMITTING EXPERT MEDICAL TESTIMONY

MAY IT PLEASE THE COURT:

### INTRODUCTION

On or about December 21, 2000, Plaintiff Scottsdale Insurance Company filed a Motion *in Limine* to Preclude Defendants from Submitting Expert Medical Testimony. Plaintiff argues therein that Defendants failed to timely file Defendants' Witness List, Defendants' Exhibit List and Defendants' Expert Report. Plaintiff further argues that Defendants' Expert Report does not comply with the requirements of the Court's Pre-Trial Order and FRCP 26 (a)(2). As will be shown,

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____

Defendants' filing was timely and in compliance with the Court's Pre-Trial Order and the Federal

Rules of Civil Procedure. The hearing on Plaintiff's Motion is set for January 24, 2001.[1]

## FACTS

This is an action for legal malpractice brought by Scottsdale Insurance Company

("Scottsdale") against its former counsel, Scott G. Jones ("Jones"), and the law firm of Hulse &

Wanek, PLC ("H & W"). Scottsdale alleges that Jones allowed Scottsdale's cause of action for

medical malpractice to prescribe while he was representing Scottsdale and that Jones "tried to

conceal the true basis of prescription."

On May 23, 2000 a Preliminary Pre-Trial conference was held in this matter. A Pre-Trial

Order was subsequently entered setting all filing deadlines prior to the February 12, 2001 trial date.

The Pre-Trial Order mandates that Plaintiff's Expert Report be filed "no later than ninety (90) days

prior to the Final Pretrial Conference Date." The Pre-Trial Order further states that Defendants'

Expert Report and both parties' witness and exhibit lists be filed "no later than sixty (60) days prior

to the Final Pretrial Conference Date." The Final Pre-Trial Conference is set for February 1, 2001.

On or about November 27, 2000, Plaintiff filed its Expert Report and Witness and Exhibit List. (*See*,

Expert Reports of Drs. Frank L. Barnes and Harvey R. Grable, attached hereto as Exhibit "A" and

---

[1] Defendants must take this opportunity to note that Plaintiff noticed the hearing on its Motion for January 24, 2001 despite the clear mandate of the Court's Pre-Trial Order stating that all pre-trial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than 30 days prior to the trial date. The trial on this matter is set for February 12, 2001. Thus, Plaintiff's Motion is not timely and according to the Court's Pre-Trial Order shall be deemed waived unless good cause is shown.

Plaintiff's Witness and Exhibit List, attached hereto as Exhibit "B"). In conformance with the Pre-Trial Order, on December 4, 2000, Defendants filed Defendants' Witness List, Defendants' Exhibit List and Opinion and Reasons of Medical Review Panel which was filed as Defendants' Expert Report. (*See*, December 4, 2000 correspondence to the Honorable Lorette White, Clerk of Court, with attachments, attached hereto as Exhibit "C").

On or about December 21, 2000, Plaintiff Scottsdale Insurance Company filed a Motion *in Limine* to Preclude Defendants from Submitting Expert Medical Testimony. As will be explained below, Defendants' filing was timely and in compliance with the Court's Pre-Trial Order and the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion should now be DENIED.

## LAW and ARGUMENT

### I.    The Filing of Defendants' Expert Report, Exhibit List and Witness List Was Timely

The Pre-Trial Order in this matter mandates that Defendants' Expert Report, Exhibit List and Witness List be filed no later than sixty (60) days prior to the Final Pre-Trial Conference Date which is set for February 1, 2001. Counting back, sixty days prior to February 1, 2001 was December 3, 2000. However, December 3, 2000, was a Sunday. According to Rule 6 of the Federal Rules of Civil Procedure, Sundays are not to be included in the computation of time relating to filing deadlines. Accordingly, when Defendants filed their Expert Report, Exhibit List and Witness List on Monday, December 4, 2000, it was timely. (*See*, Exhibit "C").

II.    **Defendants' Expert Report is in Compliance With the Court's Pre-Trial Order and Federal Rules of Civil Procedure**

A.    **Local Rule 26.3E Applies to This Cause of Action**

In its Motion in Limine to Preclude Defendants from Submitting Expert Medical Testimony, Scottsdale argues that Defendants' Expert Report should be excluded for their failure to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. However, what Scottsdale fails to recognize is that it is Rule 26.3E of the Local Rules of the United States District Court for the Eastern District of Louisiana that governs the scope and timing of disclosures under FRCP 26(a)(2).[2] Federal Rule of Civil Procedure 16(b) authorizes a district court to control and expedite pre-trial discovery through a scheduling order. Local Rule 26.3E reads in pertinent part as follows:

> B.    The scope and timing of disclosures under *FRCvP 26(a)(2)* and *FRCvP 26(a)(3)* shall be as directed by the court pursuant to the Civil Justice Expense and Delay Reduction Plan of this court.

The Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Eastern District of Louisiana provides that deadlines for disclosure and discovery shall be established

---

[2] All of the cases cited by Scottsdale as support for their argument that Defendants' Expert Report should be excluded are from United States District Courts in Texas with two exceptions: First, *Willie May Young v. American Reliable Ins. Co.*, 1999 U.S. Dist. Lexis 12353 (E.D. La 1999) discusses F.R.C.P. 59 and has no relevance to the discussion in this matter. Second, while *Purnell v. Wal Mart Stores, Inc.*, 2000 U.S. Dist. Lexis 11364 (E.D. La. 2000) does discuss F.R.C.P. 26(a)(2) and the Court's Scheduling Order, the facts of *Purnell* are distinguishable. In *Purnell,* the plaintiff never submitted an expert report from the expert named in its Witness List, nor were any experts named in plaintiff's discovery responses. The Court specifically found that it would be "unfair and prejudicial" "under the circumstances presented" to allow plaintiff's expert to testify. *Id.* at p. 2. In the case *sub judice*, Defendants have fully and timely disclosed the substance and basis for its expert's opinion testimony in conformance with the Court's Pre-Trial Order. Any prejudice Scottsdale claims was caused by the fact that it never propounded discovery requesting the identity of Defendants' fact or expert witnesses. Thus, the first it became aware that Dr. Laborde was serving as Defendants' expert was with the December 4, 2000 filing of Defendants' Witness List.

at a Preliminary Conference (Article One. Differential Case Management). It further provides that

voluntary disclosure shall be completed as ordered by the Court (Article Two. Disclosure and

Discovery). Thus, the scope and timing for the disclosure of expert reports in this matter is

controlled by this Court's Pre-Trial Order in this matter and not by FRCP 26(a)(2) as Scottsdale

mistakenly argues.

**B.    Defendants' Expert Report Complies With the Court's Pre-Trial Order**

According to the Court's Pre-Trial Order, Plaintiff was required to file its Expert Report(s)

no later than ninety (90) days prior to the Final Pre-Trial Conference. Defendants were required to

file their Expert Report no later than sixty (60) days prior to the Final Pre-Trial Conference. With

regard to the content of the report(s), Plaintiff is subject to the same disclosure requirements as

Defendants. According to the Pre-Trial Order, the expert reports must set forth all matters about

which the expert will testify and the basis therefor.

Defendants submitted as the report of their expert, Dr. J. Monroe Laborde, the Opinion and

Reasons of the Medical Review Panel in the matter entitled *McCahill v. Louisiana Health Care

Authority a/k/a Charity Hospital.* (Exhibit "C"). Dr. Laborde served on the Medical Review Panel

for the underlying medical malpractice matter which Scottsdale now alleges Scott Jones allowed to

prescribe. The Medical Review Panel concluded that the Charity Hospital physicians did not deviate

below the standard of care and gave its reasons for this conclusion. (Exhibit "C"). Prior to the

submission of the Review Panel Opinion and Reasons as Defendants' Expert Report in this matter,

Dr. Laborde reviewed the materials provided to him while serving on the Medical Review Panel in

1996 and came to the same conclusion that he did at the time of the Review Panel proceeding. The

Review Panel's Opinion and Reasons clearly articulates the matters about which Dr. Laborde will testify and the basis therefor. Accordingly, it is in compliance with the Court's Pre-Trial Order.[3]

Finally, Scottsdale complains that although Defendants' Witness List also names Drs. Adatto, Burvant and Vrahas, Defendants have not filed expert reports from these physicians despite the Pre-Trial Order which requires the parties to submit written expert reports from treating physicians who may be called as witnesses for the particular party. While it is true that these doctors did treat Mr. McCahill at various points in time, Defendants have listed these physicians on their Witness List as potential fact witnesses at trial as to what was said to Mr. McCahill and when, not to elicit their opinion testimony. Furthermore, **Scottsdale also has Drs. Adatto, Burvant and Vrahas listed on its Witness and Exhibit List, yet has failed to file an expert report outlining their testimony!** Thus, Scottsdale has committed the identical "violation" that it now accuses Defendants of committing. Accordingly, while it is unclear what remedy Scottsdale is now asking this Court for with regard to these doctors, it is subject to the same consequences.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to Preclude Defendants From Submitting Expert Medical Testimony should now be DENIED.

---

[3] Defendants find it curious that Plaintiff objects to Defendants' Expert Report when it has filed as its expert reports a letter from Dr. Frank Barnes, which fails to give the substance and scope of Dr. Barnes' expert testimony, and the report of Dr. Harvey R. Grable, plaintiffs' physician expert from the underlying matter. (Exhibit "A").

Respectfully submitted,

*[signature]*

**WILLIAM E. WRIGHT, JR. #8564**
**MARGARET L. SUNKEL #25888**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
**755 Magazine St.**
**New Orleans, Louisiana 70130-3672**
**Telephone: (504) 581-5141**
**Attorneys for Scott G. Jones and Hulse**
**& Wanek, PLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing pleading has been served upon all

parties to this proceeding, by mailing a copy of same to each attorney of record by United States

mail, properly addressed, and first class postage prepaid on this 12th day of January, 2001.

*[signature]*

Frank L. Barnes, M.D., P.A.
4126 Southwest Freeway, Suite 1410
Houston, Texas 77027
(713) 888-0677
Tax I.D.- 74-1857561

November 1, 2000

Mr. Mark L. Ross
Attorney At Law
600 Jefferson St.
Box 23 Suite 501
Lafayette, LA. 70501

Re: Van Lauren McCahill

Dear Mr. Ross:

I am a board certified Orthopedic Surgeon in private practice in Houston,
Texas since 1967. My CV is attached.

I have reviewed your files on Mr. McCahill. There are several opinions that I
have formed.

There were some deviations from the standard of care:
1.  Use of short leg cast post-op initial surgery.
2.  Failure to culture incision in Aug.-Oct. 1993.
3.  Failure to remove plate and screws by or during Aug. 1993.

I have published no papers in the last 10 years.

I cannot give you a list of my testimonies for the last 4 years. It will take my
employees a couple of weeks or more to estimate such information from my
billing records. I cannot guarantee it's accuracy when compiled, but we will
do our best to compile it.

Sincerely,

Frank L. Barnes, M.D.
Orthopedic Surgeon

FLB/ph

EXHIBIT

A

Frank L. Barnes

# FRANK LISTER BARNES, II
## CURRICULUM VITAE

## EDUCATION
| | |
|---|---|
| College | Rice University- B.A. 1956 |
| Medical School | Baylor Medical-M. D. 1960 |
| Internship | Univ. of Minnesota- surgical 1960-61 |
| Residency | Univ. of Minnesota- Surgery 1961-62 |
| | Baylor Medical- Orthopaedic 1964-67 |

## BOARD CERTIFICATION
American Board of Orthopaedic Surgery, 1969
American Board of Independent Medical Examiners, 1996

## PROFESSIONAL PRACTICE
Captain, US Army, 1962-64
Private Practice, 1967-present

## MEDICAL ORGANIZATIONS
American Academy of Disability Evaluating Physicians, fellow
American Academy of Orthopaedic Surgeons, fellow
American Orthopaedic Foot and Ankle Society, member
Harris County Medical Society
    Executive Board, 1990
    Chairman, Council of Medical Specialty Societies, 1990
    Board of Ethics, 1991-94
    Adjudication Committee, 1976
    Grieveance Committee, 1974
Houston Surgical Society
    Secretary, 1985-89
    President, 1989-90
Texas Surgical Society. member
Western Orthopaedic Association

## ACADEMIC APPOINTMENTS
Univ. of Texas at Houston, Clinical Assistant Professor

## HOSPITALS
| | |
|---|---|
| Hermann HospitalShriners' Hospital | Memorial Hermann Mem. City |
| TENET Park Plaza | Christus St. Joseph's Hosp. |
| TENET Bayou City | Shriner's Hospital |
| Christus St. Joseph's Hospital | |

FRANK L. BARNES, M.D.,P.A.
4126 SW FREEWAY STE. 1410
HOUSTON, TX 77027
(713) 888-0677

TAX I.D. 74-1857561

PAGE:   1

VAN LAUREN McCAHILL
HEALTH INFO SEARCH
1514 POTOMAC
HOUSTON TX 77057

BILLING DATE: 11/01/00

AMOUNT DUE :    700.00

BILL TO:  McCAHILL        VAN LAUREN    CHART #: 003614

| DATE | POS | PROC | DESCRIPTION | CHARGES | CREDITS | BALANC |
|------|-----|------|-------------|---------|---------|--------|
| | | | VAN LAUREN McCAHILL | | | |
| 11/01/00 | 77 | | MEDICAL RECORD REVIEW $600.00 H TWO HOUR RECORD REVIEW | 1,200.00 | | 1200.00 |
| 11/01/00 | 99080 | | REPORT CHARGE | 200.00 | | 1400.00 |
| 11/01/00 | | | CK- HEALTH INFO SEARCH | | 700.00- | 700.00 |

| CURRENT/30-60 DAYS/60-90 DAYS/ | )90 DAYS/ | TOTAL | TOTAL DUE |
|---|---|---|---|
| 700.00      0.00      0.00 | 0.00 | 700.00 | 700.00 |

·PHONE : 713 888 0677

HARVEY R. GRABLE, M. D.
DIPLOMATE AMERICAN BOARD OF ORTHOPEDIC SURGERY

TEL (718) 783-4300

RECEIVED MAR 1 3 1995

30 FIFTH AVENUE
NEW YORK, N. Y. 10011

60 PLAZA STREET
BROOKLYN, N. Y. 11238

February 23, 1995

R:-
Tom McDaniiI

I have read all of the records sent to me on the above patient to
determine if there have been any departures from acceptable medical
care in the treatment of his fractured ankle.

In summary, the patient sustained a spiral distal tibial fracture
on 2-28-92. While no x-ray films were reviewed it was described
in the records as a comminuted fracture. He was brought to Charity
Hospital where an open reduction and internal fixation was performed.
Only two transfixing screws were described in the operative report.
By 2-4-92 it was obvious to the outpatient clinic where he was being
ollowed that hef had developed a non union with varus angulation of
the fracture. He was readmitted and a graft and plate was performed.
By 4-20-93 there was documented evidence of overlying skin ulceraton
and drainage. A skin graft was perfmrmed and antibiotic coverage
was given. On 2-4-93 ther is a culture and senisitivity report
showing staph coagulase negative. This is the only culture report in
the entire record. Despite repeated clinic visits no other cultures
are seen in the records. By 3-15-94 a diagnosis of osteomyelitis
was made. Several attempts of an incison and drainage were made
but there is only one gross pathooogy report in the records and no
report of a microscopic examination or attempt at culture. Finally
an angiogram was done which showed occlusion of vessels and on 4-10-94
a below knee amputatin was done. Some time prior to this the patient
was noted to be a narcotics addict.

The occlusion of the vessels was more likely than not secondary to
the chronic infection in the area, as well as a preexisting history of
"mainlining." Given the history of hepatitis which is common in
drug addicts, notation should have been made in the chart concerning
addiction and the absence of a drug history as well as the presence or
absence of "mainlining evidence on the extremities. Not documenting this
prior to instituting a long course of narctoics medication is a
departure.

The initial open reduction and internal fixation was inadequate.
Two screw fixation of a spiral fracture is inadequate and is the
likely cause of the non-union. This is a departure.

The failure to take appropriate cultures and sensitivities and mic-
roscopic examination of the draining osteomyelitis wound is a departure.

It is my opinion that there were siginificant departures from acceptable
medical care culminating in the amputation of the limb.
Harvey R. Grable, M.D.

*Debo Gildener*
*914-233-7393*

**HARVEY R. GRABLE, M.D.**
DIPLOMATE AMERICAN BOARD OF ORTHOPAEDIC SURGERY

60 PLAZA STREET
BROOKLYN NEW YORK 11236

TELEPHONE (718) 783-4300
TELECOPIER (718) 783-0015

February 10, 1994

curriculum vitae

M.D. University Arkansas School of Medicine, 1964
internship, University of Chicago Hospital, 1965
orthopedic surgery residency, N.Y.U.-Bellevue Medical Centers
1966-1970

1973, Diplomate, American Board Orthopedic Surgeon; recertified
1983

1979 Diplomate, American Board Quality Assurance and Utilization
Review; recertified 1989

Associate Professor, New York Medical College

hospital privileges, Interfaith Medical Center, Brooklyn

Fellow, American Academy Orthopedic Surgeons
Fellow, American College Medical Quality
vice president, N.Y.S. chapter, American College Medical Quality

Orthopedic consultant, N.Y.S. Dept. Of Health Office of Professional
Conduct
Orthopedic consultant, N.Y.S. Commission on the Quality of Care
for the Mentally Disabled
Orthopedic Consultant, Office of Chief Medical Examiner, City
of New York

1970-71 Major, U.S.A.F. Viet Nam

PUBLICATIONS, RESEARCH AND LECTURES
The Effect of Precertification on the Rate of Hospitalization
of Patients with Low Back Pain; Journal of Quality Assurance
and Utilization Review; Vol. 4; Nov. 1989
Updating the Fee Schedule for Physician Reimbursement: A comparative
Analysis of France, Germany, Canada and United States; Journal
of Quality Assurance and Utilization Review; Vol.5, No. 1; February,
1990
Co-Authored report for the Physicians Payment Review Commission
(U.S. Congress) on health care expenditure issues, February,
1989

Abnormal Findings on Magnetic Resonance Imaging in Low Back Pain
Patients; American Journal of Medical Quality; Winter, 1993.

Debie Gildener
914-233-7393

HARVEY R. GRABLE, M.D.

DIPLOMATE AMERICAN BOARD OF ORTHOPAEDIC SURGERY

50 PLAZA STREET

BROOKLYN, NEW YORK 11238

TELEPHONE (718) 783-4300

TELECOPIER (718) 783-0019

February 10, 1994

curriculum vitae

M.D. University Arkansas School of Medicine, 1964
internship, University of Chicago Hospital, 1965
orthopedic surgery residency, N.Y.U.-Bellevue Medical Center
1966-1970

1973, Diplomate, American Board Orthopedic Surgeon; recertified
1983

1979 Diplomate, American Board Quality Assurance and Utilization
Review; recertified 1989

Associate Professor, New York Medical College

hospital privileges, Interfaith Medical Center, Brooklyn

Fellow, American Academy Orthopedic Surgeons
Fellow, American College Medical Quality
vice president, N.Y.S. chapter, American College Medical Quality

Orthopedic consultant, N.Y.S. Dept. Of Health Office of Professional
Conduct
Orthopedic consultant, N.Y.S. Commission on the Quality of Care
for the Mentally Disabled
Orthopedic Consultant, Office of Chief Medical Examiner, City
of New York

1970-71 Major, U.S.A.F. Viet Nam

PUBLICATIONS, RESEARCH AND LECTURES
The Effect of Precertification on the Rate of Hospitalization
of Patients with Low Back Pain; Journal of Quality Assurance
and Utilization Review; Vol. 4; Nov. 1989

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

SCOTTSDALE INSURANCE
COMPANY

CIVIL ACTION NO.  00-0225

vs.

SCOTT G. JONES, ESQ.,
HULSE AND WANEK, PLC
AND XYZ INSURANCE
COMPANY

MAGISTRATE DIVISION  4

SECTION F

**************************************************************

## PLAINTIFF'S WITNESS AND EXHIBIT LIST

**NOW COMES** Scottsdale Insurance Company (hereinafter "Scottsdale"), through undersigned counsel, pursuant to the Court's Minute Entry of May 23, 2000, lists its may and will call witnesses and exhibits which it may introduce at trial of this matter.

**A.  List of will call witnesses**

1. Scott Jones, Esq.
   Hulse and Wanek
   1010 Common Street, Suite 2800
   New Orleans, La.  70112-2401

**B.  List of may call witnesses.**

1. Ms. Deborah Gildener
   American International Health and Rehabilitation Services
   5 West Main Street
   Suite 205
   Elmsford, N.Y.  10523-2416

2. Michael Hingle, Esq.



EXHIBIT

B

201 St. Charles Ave., Suite 2521
New Orleans, La.  70170

3.  Van Lauren McCahill
    29655 Livingston Ave.
    Albany, La.  70711

4.  Mr. Rick Kannally
    5054 East Mazatzal Drive
    Cave Creek, Az.  85331

5.  Mr. Ken Fulgenzi
    Scottsdale Insurance Company
    P.O. Box 4120
    Scottsdale, Az.  85261-4120

6.  Dr. Ken Adatto
    3715 Prytannia Street, Suite 501
    Nee Orleans, La.

7.  Dr. John Burvant
    3939 Houma Blvd.
    Doctor's Row, No. 21
    Metairie, La.  70006

8.  Dr. Mark Vrahas
    2025 Gravier Street, Suite 400
    New Orleans, La.  70112

9.  Dr. Harvey Grable
    60 Plaza Street
    Brooklyn, New York  11238

10.  Ms. Beth Brezinski
     Scottsdale Insurance Company
     P.O. Box 4120
     Scottsdale, Az.  85261-4120

11.  Barry G. Toups, Esq.

Assistant Attorney General, State of Louisiana
Department of Justice
Litigation Division
Baton Rouge, La. 70804-9095

12. H. Martin Hunley, Jr.
Lemle & Kelleher
601 Poydras St., Suite 2100
New Orleans, La. 70130

13. Nahum D. Laventhal, Esq.
Augustin & Laventhal
3421 N. Causeway Blvd., Suite 801
P.O. Box 7033
Metairie, La. 70010-7033

14. Dr. Frank L. Barnes, M.D.
4126 Southwest Freeway, Suite 1410
Houston, Tex. 77027

15. Ms. Judy Suhr
5062 E. Roy Rogers Rd.
Cave Creek, Az. 85331

16. Ms. Maria Gilson
Scottsdale Insurance Company
P.O. Box 4120
Scottsdale, Arizona 85261-4120

**C. Exhibit list.**

1. Exhibits A-T to Complaint of Scottsdale Insurance

2. Exhibits A through CC of Scottsdale Insurance Company's Motion for
Summary Judgment.

3. Report of Dr. Frank L. Barnes dated November 1, 2000.

4. Letter from Ms. Deborah Gildner to Ms. Judy Suhr dated June 14, 1994.

5.  Handwritten memo from Judy Suhr to Jean Nelson dated 6/14/94

6.  Dr. Harvey Grable reports of February 23 and May 15, 1995.

7.  Receipt and Release and Indemnity Agreement dated July 21, 1994 between Scottsdale Insurance and Van Lauren McCahill.

8.  Litigation Agreement dated April 5, 1995.

9.  Medical malpractice Petition filed by Scott Jones before the Patient's Compensation Board on April 12, 1995.

10.  Letter from Scott Jones and enclosed Petition to Mr. Raymond Laborde, Commissioner of Administration, dated May 26, 1995.

11.  Petition filed by Scott Jones in Civil District Court in Docket No. 96-20010.

12.  Letter from Scott Jones to Rick Kannally dated January 24, 1997.

13.  Letter from Scott Jones to Maria Gilson dated July 21, 1997.

14.  Letter from Scott Jones to Ken Fulgenzi dated December 5, 1997.

15.  Letter from Scott Jones to Ken Fulgenzi dated February 17, 1999.

16.  Letter from Beth Brezinski to Scott Jones dated March 3, 1999.

17.  Letter from Scott Jones to Barry Toups dated February 17, 1999.

18.  Barry Toups cover letter and Exception of Prescription dated July 15, 1999.

19.  Scott Jones letter to Beth Brezinski dated August 9, 1999.

20.  Scott Jones letter to Beth Brezinski dated September 8, 1999.

21. Memorandum In Opposition to Exception of Prescription filed by Scott Jones and dated September 21, 1999 and attachments.

22. Affidavit of Van Lauren McCahill dated September 22, 1999.

23. Any and all pleadings filed by either party to this proceeding.

24. Defendant's Responses to Plaintiff's Requests for Admissions.

25. Deposition of Scott Jones taken on May 11, 2000 and attached exhibits.

26. Letter from Scott Jones to Judy Suhr dated June 28, 1994.

27. Letter from Scott Jones to Judy Suhr dated July 25, 1994.

28. Fax from Judy Suhr to Scott Jones dated January 12, 1995.

29. Fax from Scott Jones and accompanying letter to Judy Suhr dated January 17, 1995.

30. Letter from Scott Jones to Cheryl Jackson, Patient's Compensation Fund, dated April 6, 1995.

31. Letter from Cheryl Jackson to Scott Jones dated April 26, 1995.

32. Letter from Cheryl Jackson to Scott Jones dated May 5, 1995.

33. Letter from H. Martin Hunley, Jr. to Scott Jones dated May 19, 1995.

34. Fee bill and cover letter from Scott Jones and Hulse and Wanek to Mr. Rick Kannally of Scottsdale Insurance dated September 20, 1996.

35. Letter from Scott Jones to Rick Kannally dated October 31, 1996.

36. Letter from Scott Jones to Barry Toups dated May 11, 1999.

37. Letter from Scott Jones to Beth Brezinski dated October 12, 1999.

38. Letter from Scott Jones to Deborah Gildener dated February 6, 1995.

39. Sworn statement of Van Lauren McCahill dated January 21, 2000.

40. Letter from Scott Jones to Judith Suhr dated April 11, 1995.

41. Deposition of Ms. Beth Brezinski dated May 11, 2000 and attached Exhibits.

42. Receipt, Release and Assignment of Rights between Scottsdale Insurance and Van Lauren McCahill.

43. Letter from Scott Jones to Clerk of Court, 19th JDC, enclosing Memorandum in Opposition to Exception of Prescription, dated July 19, 1996.

44. Affidavit of Mr. Rick Kannally dated June 6, 2000.

45. Letter from Scott Jones to Rick Kannally dated May 14, 1996.

46. Medical records of Charity Hospital/Medical Center of Louisiana at New Orleans relating to fractured leg treatment and amputation of leg of Van Lauren McCahill beginning February 28, 1992.

47. Letter to Judy Suhr from Scott Jones dated July 14, 1994.

48. Dr. Frank Barnes report of November 1, 2000 and C.V.

49. Deposition of Van Lauren McCahill taken on January 11, 1993 in CDC Docket No. 92-15408.

50. Scott Jones letter to Van Lauren McCahill dated September 8, 1999.

51. Scott Jones letter to Michael Hingle dated May 19, 1995.

52. "Notepad" notes taken from the Scottsdale claims examiners computer files in the underlying med mal case.

53. Deposition of Scott Jones taken on May 11, 2000 and attached exhibits.

54. Letter from Nahum Laventhal, Esq. to Ms. Judy Suhr dated June 14, 1994 and enclosures.

55. Letter from Nahum Laventhall, Esq. to Ms. Judy Suhr dated June 7, 1994 and enclosure.

56. Letter from Scott Jones to Van Lauren McCahill dated July 19, 1996.

57. Letter from Scott Jones to Clerk of Court, 19th JDC, dated July 19, 1996.

58. Letter from Scott Jones to Judy Suhr dated April 25, 1996.

59. Letter from Scott Jones to Judy Suhr dated November 10, 1995.

60. Letter from Scott Jones to Ms. Judith Suhr dated April 11, 1995.

61. Letter from Scott Jones to Deborah Gildener dated February 6, 1995.

62. Letter from Scott Jones to Michael Ringle dated July 14, 1994.

66. Letter from Beth Brezinski to Scott Jones of March 3, 1999.

67. Letter from Barry Toups to Scott Jones dated September 23, 1999.

68. Letter from Scott Jones to Van Lauren McCahill dated September 23, 1999.

69. Letter from Barry Toups to Scott Jones dated August 19, 1999.

70. Letter from Barry Toups to Scott Jones of May 18, 1999.

71. Fax from Scott Jones to Cheryl Jackson of Patients' Compensation Fund dated April 11, 1995.

72. State of Louisiana's Exception of Prescription and attached Exhibits filed July 15, 1999.

73. Any document produced by either party in discovery.

74. Any document either listed or sought to be introduced into evidence by
defendants.

Respectfully submitted,

Mark L. Ross, Bar No. 11477
Attorney for Scottsdale
Insurance Company
600 Jefferson Street, Suite 501
Lafayette, Louisiana 70501
Telephone (337) 266-2345
Facsimile: (337) 266-2163


LR 5.3 CERTIFICATE OF SERVICE

I certify that on this 27th day of November, 2000 , a copy of the
foregoing pleading has either been hand delivered or mailed to all counsel of
record by depositing same in the United States mail, postage prepaid and
properly addressed.

MARK L. ROSS

**DEUTSCH, KERRIGAN & STILES, L.L.P.**

(A PARTNERSHIP INCLUDING PROFESSIONAL LAW CORPORATIONS)

755 MAGAZINE STREET

NEW ORLEANS, LA 70130-3672

TELEPHONE (504) 581-5141

FAX (504) 566-1201

MARGARET L. SUNKEL
(504) 593-0667
msunkel@dkslaw.com

2510 14TH STREET, SUITE
GULFPORT, MISSISSIPPI 3
TELEPHONE (228) 864-0
FAX (228) 863-6278

December 4, 2000

**By Hand Delivery**
The Honorable Loretta White
Clerk of Court - Eastern District
United States District Court
C151 U.S. Courthouse
500 Camp Street
New Orleans, LA 70130

Re:   **Scottsdale Insurance Company v.
Hulse & Wanek, A Professional Law Corp.
USDC, Eastern District of Louisiana
No. 00-0225, Section "F", Magistrate (4)
Our File: 10895-00334**

Dear Ms. White:

Enclosed please find an original and one copy of the following which we would appreciate your filing into the record of the above captioned matter:

1.   Defendants' Witness List;
2.   Defendants' Exhibit List; and
3.   Opinion and Reasons of Medical Review Panel which is being filed as Defendants' Expert Report.

With regards,

Margaret L. Sunkel

MLS/psd
Enclosure

cc:   Mark. L. Ross, Esq. (w/enclosure)
      Scott G. Jones, Esq.   (w/enclosure)
G:\Deleanne\MLS\10895\334\LETTERS\ROSSL14.wpd



EXHIBIT

C

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2000 DEC -4 PM 3: 53

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY** | * | **CIVIL ACTION NO. 00-0225** |
| **VERSUS** | * | **SECTION "F"** |
| **SCOTT G. JONES, ESQ.,** | * | **MAGISTRATE (4)** |
| **HULSE AND WANEK, PLC** | | |
| **AND XYZ INSURANCE COMPANY** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' WITNESS LIST

**NOW COME** Scott G. Jones, Esq. and Hulse and Wanek, PLC (collectively "Defendants"),

through undersigned counsel, and submit the following list of witnesses who may testify at the trial

of this matter:

1.      Scott G. Jones, Esq.
        Hulse and Wanek, PLC
        1010 Common Street, Suite 2800
        New Orleans, LA 70112-2401

2.      John A. Stewart, Jr., Esq.
        Hulse & Wanek, PLC
        1010 Common Street, Suite 2800
        New Orleans, Louisiana 70113

3.  Mark L. Ross, Esq.
    600 Jefferson Street
    Box 23 Suite 501
    Lafayette, Louisiana 70501

4.  Pat Dunn, Esq.
    125 East Pine Street
    P.O. Drawer 1980
    Ponchatoula, LA  70454

5.  J. Monroe LaBorde, MD
    3525 Prytania Street, Suite 402
    New Orleans, LA 70115

6.  Ralph J. Gessner, MD
    800 W. Virtue Street
    Chalmette, LA 70043

7.  Wilmot Ploger, MD
    3322 Canal
    New Orleans, LA 70119

8.  Ms. Beth Brezinski
    Scottsdale Insurance Company
    P.O. Box 4120
    Scottsdale, AZ  85261-4120

9.  Barry Toups, Esq.
    Assistant Attorney General, State of Louisiana
    Department of Justice
    Litigation Division
    Baton Rouge, LA 70804-9095

10. Michael Hingle, Esq.
    201 St. Charles Ave., Suite 2521
    New Orleans, LA 70170

11. Ken Adatto, MD
    3715 Prytania Street, Suite 501
    New Orleans, LA

2

12.  John Burvant, MD
     3939 Houma Blvd.
     Doctor's Row, No. 21
     Metairie, LA 70006

13.  Mark Vrahas, MD
     2025 Gravier Street, Suite 400
     New Orleans, LA 70112

14.  Nahum Laventhal, Esq.
     Augustin & Laventhal
     3421 N. Causeway Blvd., Suite 801
     P. O. Box 7033
     Metairie, LA 70010-7033

15.  Any witness listed by any other party.


                    *[signature]*
                    WILLIAM E. WRIGHT, JR.  (#8564)
                    MARGARET L. SUNKEL (#25888)
                    DEUTSCH, KERRIGAN & STILES, L.L.P.
                    755 Magazine St.
                    New Orleans, Louisiana  70130-3672
                    Telephone:  (504) 581-5141
                    Attorneys for Scott G. Jones and Hulse
                    & Wanek, PLC


                    **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing pleading has been served on all parties through

their counsel of record, by facsimile and by sending via U. S. Mail, postage prepaid, and properly

addressed, this 4th day of December, 2000.


                    *[signature]*
                    MARGARET L. SUNKEL, ESQ.


                              3

U.S. RECEIVED
EAST. DISTRICT COURT
DISTRICT OF LA
2000 DEC -4 PM 3: 52
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | * | CIVIL ACTION NO. 00-0225 |
| VERSUS | * | SECTION "F" |
| SCOTT G. JONES, ESQ.,<br>HULSE AND WANEK, PLC | * | MAGISTRATE (4) |
| AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' EXHIBIT LIST

NOW COME Scott G. Jones, and Hulse and Wanek, PLC defendants herein, and submit the following list of exhibits which may be introduced at the trial of this matter:

1.    09/92    Petition for Damages in the matter entitled "*Van Lauren McCahill v. Scottsdale Insurance Company, et al*," No. 92-15408 on the docket of the Civil District Court, Parish of Orleans, State of Louisiana.

2.    03/02/93    Report by Cedor and Company to Nahum D. Laventhal.

3.    06/24/94    Letter from Scott Jones to Michael Hingle and Barbara Bourdonnay.

4.    06/28/94    Letter from Scott Jones to Judith Suhr.

5.    07/21/94    Receipt & Release with Indemnity Agreement.

| | | |
|---|---|---|
| 6. | 07/25/94 | Letter from Scott Jones to Judith Suhr. |
| 7. | 01/17/95 | Letter from Scott Jones to Judith Suhr. |
| 8. | 04/05/95 | Litigation Agreement. |
| 9. | 05/26/95 | Letter from Scott Jones to Mr. Raymond Laborde, Commissioner of Administration (Medical Review Panel). |
| 10. | 06/06/95 | Letter from Raymond J. Laborde, Commissioner of Administration to Scott Jones. |
| 11. | 05/07/96 | Fax transmittal form from Rick Kannally to Scott Jones. |
| 12. | 06/28/96 | Exception of Prescription filed in the matter "*In Re: Medical Review Panel for the claim of Van Lauren McCahill,*" No. 417733 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge. |
| 13. | 07/19/96 | Letter from Scott Jones to Michael Hingle and Van McCahill. |
| 14. | 07/19/96 | Letter from Scott Jones to Clerk of Court, 19th JDC, with blind carbon copy to Rick Kanally. |
| 15. | 07/19/96 | Memorandum in Opposition to Exception of Prescription. |
| 16. | 07/24/96 | Letter from Sydney Picou-Kendrick to Honorable Robert D. Downing, Judge, 19th Judicial District Court. |
| 17. | 07/27/96 | Letter from Scott Jones to Rick Kanally. |
| 18. | 10/22/96 | Letter from Sydney Picou-Kendrick to Scott Jones. |

19.    10/23/996    Letter from John R. Wellman to Scott Jones and Sydney Picou-Kendrick submitting Medical Review Panel Opinion and Reasons.

20.    10/31/96    Letter from Scott Jones to Rick Kanally.

21.    11/27/96    Petition filed in the matter entitled "*Van Lauren McCahill and Scottsdale Insurance Company v. the Louisiana Healthcare Authority Medical Center of Louisiana at New Orleans, a/k/a Charity Hospital of New Orleans,*" No. 96-20010 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

22.    01/24/97    Letter from Scott Jones to Rick Kanally.

23.    02/24/97    Letter from Scott Jones to Rick Kanally.

24.    07/21/97    Letter from Scott Jones to Mara Gilson.

25.    12/05/97    Letter from Scott Jones to Ken Fulgenzi.

26.    12/28/98    Notepad entries for December 1997 and January 1998.

27.    02/17/99    Letter from Scott Jones to Ken Fulgenzi.

28.    07/15/99    Exception of Prescription by Charity Hospital.

29.    08/09/99    Letter from Scott Jones to Beth Brezinski.

30.    09/08/99    Letter from Scott Jones to Van McCahill.

31.    09/08/99    Letter from Scott Jones to Beth Brezinski.

32.    09/21/99    Memorandum in Opposition to Exception of Prescription.

33.    09/22/99    Affidavit of Van McCahill.

-3-

| 34. | 09/23/99 | Letter from Scott Jones to Van McCahill. |
| 35. | 10/12/99 | Letter from Scott Jones to Beth Brezinski. |
| 36. | 10/22/99 | Motion to Substitute Counsel of Record for Scottsdale Insurance Company. |
| 37. | 12/14/99 | E-mail from Mark Ross to Patrick Dunn. |
| 38. | 12/27/99 | Letter from Mark Ross to Scott Jones. |
| 39. | 01/05/00 | Letter from John Stewart to Mark Ross. |
| 40. | 01/05/00 | Letter from Mark Ross to John Stewart. |
| 41. | 01/05/00 | Letter from John Stewart to Mark Ross (second letter). |
| 42. | 01/06/00 | Amended Response of Scottsdale Insurance Company to Exception of Prescription. |
| 43. | 01/12/00 | Motion and Order to Re-Set Exception of Prescription. |
| 44. | 01/18/00 | Letter from Mark Ross to Barry Toups and Patrick Dunn, along with proposed Receipt, Release and Assignment of Rights. |
| 45. | 01/21/00 | Transcript of proceedings. |
| 46. | 01/21/00 | Judgment. |
| 47. | 01/21/00 | Receipt, Release and Assignment of Rights. |
| 48. | 01/21/00 | Motion and Order of Voluntary Dismissal. |
| 49. | 05/10/00 | Printout of computer notepad (entries from 4/11/96). |
| 50. | | Medical Review Panel submissions. |

a. Submission on behalf of Van McCahill

b. Submission on behalf of Charity Hospital.

51.   Medical Records for treatment of Van McCahill.

52.   Deposition transcripts from underlying litigation, including but not limited to:

a. January 11, 1993 deposition of Van Lauren McCahill; and

b. May 2, 1994 deposition of Dr. Kenneth Adatto.

53.   Deposition of Beth Brezinski, May 11, 2000.

54.   All documents produced in this litigation.

55.   All documents identified by other parties to this proceeding.


WILLIAM E. WRIGHT, JR.  (#8564)
MARGARET L. SUNKEL (#25888)
DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine St.
New Orleans, Louisiana  70130-3672
Telephone:  (504) 581-5141
Attorneys for Scott G. Jones and Hulse
& Wanek, PLC

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all parties through their counsel of record, by facsimile and by sending via U. S. Mail, postage prepaid, and properly addressed, this ____ day of December, 2000.

| | | |
|---|---|---|
| VAN LAUREN McCAHILL | * | MEDICAL REVIEW PANEL |
| | * | |
| VERSUS | * | STATE MRP NO.: 94-MR-283 |
| | * | |
| LOUISIANA HEALTH CARE | * | |
| AUTHORITY, ET AL | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPINION AND REASONS

  The Medical Review Panel, composed of the undersigned, having reviewed the evidence submitted by the parties, given notice to the parties with reference to their right to convene the panel for questioning, having made the evidence available to the parties and having met in consideration of same, the panel renders the following expert opinion.

1.

  The evidence does not support the conclusion that the defendants, LOUISIANA HEALTH CARE AUTHORITY AND MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS-CHARITY CAMPUS F/K/A CHARITY HOSPITAL OF NEW ORLEANS, failed to meet the applicable standard of care as charged in the complaint.

### REASONS

1. The patient's underlying peripheral vascular condition and smoking compromised his condition.
2. Charity Hospital employees treated the patient appropriately on his many visits.
3. The patient's amputation was the result of his injury and his underlying medical condition.

  OPINION AND REASONS RENDERED THIS 23RD DAY OF OCTOBER, 1996.

RALPH J. GESSNER, M. D.

/MONROE LABORDE, M. D.

WILMOT PLOGER, M. D.

JOHN R. WELLMAN
ATTORNEY-CHAIRMAN