

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | * | CIVIL ACTION NO. 00-0225 |
| VERSUS | * | SECTION "F" |
| SCOTT G. JONES, ESQ., HULSE AND WANEK, PLC AND XYZ INSURANCE COMPANY | * * | MAGISTRATE (4) |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN REPLY TO SCOTTSDALE INSURANCE COMPANY'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

On December 22, 2000, Defendants Scott G. Jones and the law firm of Hulse & Wanek, PLC (collectively "Jones") filed their Motion for Summary Judgment in the above-captioned matter. Defendants articulated therein that Scottsdale's legal malpractice action is clearly perempted by the one year and three year peremptive periods of La. R.S. 9:5605 because Scottsdale failed to file its claim for legal malpractice within one year of the "discovery" of ther alleged act, omission or neglect and more than three years from the date of the alleged act, omission or neglect. Scottsdale has responded by arguing that "Defendants' fraudulent concealment of their legal malpractice from their clients renders prescription inapplicable under La. R.S. 9:5605(E)." (Scottsdale Insurance Company's Memorandum in Opposition to Defendants' Motion for Summary Judgment, p.1). As

will be explained further below, Scottsdale has failed to carry its burden showing that its claim has not prescribed. It has failed to come forward with proof of fraud on Jones' part relying only on conclusory and disparaging statements. In fact, Jones' correspondence to Scottsdale clearly shows an intention not to defraud Scottsdale. Furthermore, Scottsdale has failed to show that its ignorance of the underlying facts was anything other than willful, negligent or unreasonable. Accordingly, Defendants' Motion for Summary Judgment should now be GRANTED.

## LAW AND ARGUMENT

### 1.   Scottsdale Has Failed to Prove Fraud

In its Opposition to Defendants' Motion for Summary Judgment, Scottsdale argues that La. R.S. 9:5605(E), which provides that the peremptive periods in La. R.S. 9:5605(A) do not apply in cases of fraud, is applicable in this matter to abrogate the one year and three year peremptive periods for legal malpractice. To begin with, at least one Louisiana Court has held that the so-called "fraud exception" does not apply to La. R.S. 9:5605's one year peremptive period. *Broussard v. Toce*, 99-555 (La. App. 3d Cir. 10/13/99), 746 So.2d 659. Nonetheless, the Louisiana cases discussing the "fraud exception" make it clear that it is not applicable in this matter to abrogate either the one year or three year peremptive periods.

Scottsdale cites two cases in support of its fraud argument. However, these cases do not, in fact, support Scottsdale's assertions. In *Coffey v. Block*, 99-1221 (La. App. 1st Cir. 6/23/00), 762 So.2d 1181, *writ denied*, 2000-2226 (La. 10/27/00), the trial court was considering defendants' peremption defense in the context of an Exception of No Cause of Action which is limited to a review of the plaintiff's petition and must accept the well pleaded allegations of fact as true. In that context, the Court of Appeal found the plaintiff's allegations were sufficient to allege fraud.

2

However, the Court of Appeal also found that the trial court should have accepted evidence on the fraud issue via summary procedure and remanded the case back to the trial court for further proceedings. The case *sub judice*, is being considered via summary procedure with different evidentiary standards and, as will be shown in the context of the other Louisiana cases discussing the "fraud exception," Scottsdale has failed to come forward with proof of fraud which prevented it from filing its legal malpractice claim timely according to the standards for a motion for summary judgment.

Scottsdale also relies on *McCoy v. City of Monroe*, 32-521 (La. App. 2d Cir. 12/8/99), 747 So.2d 1234. However, the trial court in *McCoy* granted defendants' exceptions and the Court of Appeal affirmed finding that plaintiff had failed to carry his burden of showing why the claim had not prescribed. Citing Louisiana Civil Code Article 1953, defining fraud as a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause loss or inconvenience to the other...," the Court found that plaintiff made no showing that the defendant/attorney acted fraudulently or prevented the plaintiff from knowing the status of his case.

Similarly here, Scottsdale has not come forward with sufficient proof of fraud by Jones. The facts supported by Jones' correspondence clearly show that Jones advised Scottsdale of the State of Louisiana's Exception of Prescription by first sending Scottsdale the Memorandum in Opposition to Exception of Prescription, followed by a letter dated January 24, 1997 wherein Jones explained the basis for the State of Louisiana's arguments that the medical malpractice claim was untimely. Thus, not only does Scottsdale not come forward with sufficient proof of Jones intent to defraud, but the documents show that Scottsdale was indeed aware or should have been aware of the basis for the State of Louisiana's prescription defense by Jones' communications to it. Prescription/peremption

does run when a plaintiff's ignorance of the underlying facts is willful, negligent or unreasonable. *Bourque v. Hoychick*, 97-627 (La. App. 3rd Cir. 11/19/97), 704 So.2d 815.

The other Louisiana cases which Scottsdale does not cite discussing the "fraud exception" clearly support Defendants' position. For example, the Court in *Bourque v. Hoychick*, 97-627 (La. App. 3rd Cir. 11/19/97), 704 So.2d 815, affirmed the trial court's dismissal of plaintiff's legal malpractice case since the plaintiff did not file his claims for more than one year from the time he "knew or should have known" of the attorney's alleged malpractice.[1] The plaintiff in *Borque* sued his former attorney for allegedly neglecting to properly and timely handle plaintiff's medical reimbursement claims from Social Security. The Court stated that the one year peremptive period commences to run when the plaintiff knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice based on an "objective reasonable person" standard. *Id.* at 818. The Court then discussed plaintiff's argument that the existence of fraud delayed his ability to file his legal malpractice action. First, the Court made clear that when it is evident that a claim has prescribed on the face of the Petition, the burden shifts to the plaintiff to show why the claim has not prescribed. *Id.* at 820. Next, the Court found that plaintiff failed to provide sufficient evidence that he had been purposely induced by defendant in order to delay the filing of a legal malpractice claim finding that prescription does run when one's ignorance of the underlying facts is willful, negligent or unreasonable. *Id.* at 819 and 820. Similarly here, there is no evidence that Jones purposely induced Scottsdale in order to avoid a legal malpractice claim being filed against him.

---

[1] The Court went on to find that plaintiff's claims would have also been barred by the three year peremptive period.

Scottsdale points to Jones' January 24, 1997 letter as evidence of deception on the part of Jones wherein Jones stated that he believed the State of Louisiana's position on prescription was "ridiculous." However, Jones has testified that it was his sincere belief that the State of Louisiana's Exception could be overcome, and Scottsdale has provided no evidence to overcome Jones' testimony. In fact, in his January 24, 1997 letter, Jones clearly articulated the basis for the State of Louisiana's Exception, thus, making Scottsdale aware, at the latest, of the existence of facts that would have enabled him to state a cause of action for legal malpractice based on an "objective reasonable person" standard. (*See*, January 24, 1997 letter from Scott Jones to Richard Kannally, Exhibit 2, Tab L to Memorandum in Support of Defendants' Motion for Summary Judgment). Scottsdale's action for legal malpractice was not filed until January 25, 2000, however. Accordingly, like the action in *Borque*, it is perempted by the one year peremptive period of La. R.S. 9:5605.

The case of *Davis v. Coregis Ins. Co.*, 00-00475 (La. App. 3rd Cir. 12/27/00), ___ So.2d ___, also discusses the "fraud exception" to La. R.S. 9:5605. In *Davis* the plaintiff filed a legal malpractice suit of March 23, 1999, against his former attorney for allegedly misrepresenting in February 1996 that plaintiff possessed good title to his property. Like Scottsdale, the plaintiff in *Davis* further alleged that the attorney committed continuing acts of malpractice through numerous separate acts of malpractice or fraud. However, the Court of Appeal agreed with the trial court's finding that plaintiff was stating that all of his damages flowed from the initial act of misrepresenting that plaintiff had good title in February 1996 and that plaintiff's action was perempted when he failed to file within three years of that act. In regard to plaintiff's assertion of fraud, the Court found that there was no evidence that defendant attempted to defraud plaintiff and, in fact, that a March 11, 1996 letter from the attorney to the former client indicating that he had learned of a possible adverse

claim to the property showed that the attorney's intention was not to defraud the client. Similarly here, the alleged "act" Scottsdale complains of is the alleged failure to file a claim of medical malpractice on or before April 10, 1995. (*See*, Complaint, Paragraph 14). All of Scottsdale's alleged damages flow from this assertion. Thus, when Scottsdale filed its action for legal malpractice on January 25, 2000, it was perempted by the three year peremptive period of La. 9:5605. Again, there is no evidence Jones attempted to defraud Scottsdale and, in fact, Jones' communications with Scottsdale show that his intention was not to defraud his former client.

Finally, in *Andre v. Golden*, 99-689 (La. App. 5th Cir. 12/21/99), 750 So. 2d 1101, the plaintiffs filed an attorney malpractice action against their attorney, alleging that the attorney failed to reveal a conflict of interest, misrepresented his position at the time of their lawsuit, and misappropriated funds. Applying La.R.S. 9:5605, the Fifth Circuit affirmed the trial court's grant of the attorney's exception of prescription, and held that "[t]he trial court considered the claims and considered all of them to stem from the failure to disclose, which sounds in negligence, rather than fraud." *Andre*, at 1105. In its decision, the court of appeal recited part of the oral reasons provided by the trial court:

> Even though fraud is alleged, the underlying facts for that fraud are the malpractice claims for failure, the misrepresentation for failure, and then where it is, the intentional failure to properly pursue zealously, the intentional failure to properly communicate. All of that's a failure. That, even though it's called fraud, it strikes a negligence, which 9:5605 does apply to.

*Andre*, at 1103.

Similarly here, even though Scottsdale alleges fraud, the underlying facts are the malpractice claims for failure to file Scottsdale's claim for medical malpractice timely, the alleged misrepresentation for failure and the intentional failure to properly communicate. All of these "failures" sound in

negligence even though Scottsdale wants to call it fraud to overcome peremption. Scottsdale has failed to carry its burden and its claims must now be dismissed.

**2.    Jones Did Not Conceal the Existence of a Prescription Problem From Scottsdale**

Scottsdale is apparently arguing that Jones had a duty to advise Scottsdale of a claim of prescription by the State of Louisiana prior to the filing of the State of Louisiana's first Exception in July of 1996. First, it is only with the benefit of hindsight that Scottsdale could conceive of creating such a standard of conduct for attorneys. Such a standard would require an attorney to be omniscient. The question is not whether an attorney is correct in hindsight, but rather whether he exercised the proper skill and professional judgment under the conditions existing at the time. *Smith v. St. Paul Fire & Marine Insurance Company*, 366 F.Supp. 1283, 1286 (M.D. La. 1973); *Quarles Drilling Corporation v. General Accident Ins. Co.*, 538 So.2d 1029, 1032 (La. App. 4th Cir. 1989) Secondly, whether Scottsdale knew of the State of Louisiana's claim of prescription in 1995 rather than July of 1996 is of no moment. Scottsdale has now admitted that Jones informed it of the State's Exception in July of 1996 and the fact is that Scottsdale did not make a claim against Jones until January of 2000. Scottsdale does not make clear what the difference would have been had it known "of the existence of a prescription problem" sixteen (16) months earlier. Further, as has already been discussed, contrary to Scottsdale's assertions the evidence clearly shows that it was aware of the basis for the State of Louisiana's claim by January 1997, at the latest.

## CONCLUSION

Scottsdale has failed to come forth with sufficient proof to establish that its claims are not perempted under La. R.S. 9:5605. Accordingly, Scottsdale's claim should be dismissed.

Respectfully submitted,

_____
WILLIAM E. WRIGHT, JR. #8564
MARGARET L. SUNKEL #25888
Deutsch, Kerrigan & Stiles, L.L.P
755 Magazine St.
New Orleans, Louisiana 70130-3672
Telephone: (504) 581-5141
Attorneys for Scott G. Jones and Hulse
& Wanek, PLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing pleading has been served upon all parties to this proceeding, by mailing a copy of same to each attorney of record by United States mail, properly addressed, and first class postage prepaid on this 22nd day of January, 2001.

_____
WILLIAM E. WRIGHT, JR.