

MINUTE ENTRY
FELDMAN, J.
February 1, 2001

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE CO. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-225 |
| SCOTT G. JONES, ESQ., ET AL | * | SECTION "F" |

A pre-trial conference was held on February 1, 2001. The Pre-Trial Order was signed by counsel and approved by the Court.

Present:

Mark Ross, Esquire
William Wright, Esquire
Margaret Sunkel, Esquire

IT IS ORDERED:

1.  Non-jury trial of this matter shall commence February 12, 2001 at 9:00 a.m. Estimated length of trial: 3 day(s). Counsel shall be required to attend a conference with the Court at 8:30 a.m. for the purpose of resolving any issues that

DATE OF ENTRY
FEB - 2 2001

need to be addressed prior to the commencement of trial.

2. Five working days before the trial date the parties shall exchange witness lists, and provide a copy to the Court, indicating those witnesses whom they intend to call at trial in their case in chief. Such witnesses shall be made available for use by all parties by the party who lists the witness. Any witness not listed thereon shall not be permitted to testify, except for rebuttal witnesses.

3. Counsel shall submit proposed findings of fact and conclusions of law, trial memoranda, and a bench book of exhibits five working days prior to trial date. The Court requires that all bench books be tabbed by exhibit. It is the Court's policy to require that all designated deposition testimony be read at trial, rather than submitted for later review, so as to avoid delaying a decision in the case until some time after the trial has ended. The Court prefers to decide bench trials upon oral findings of fact and conclusions of law immediately after the parties rest their case. Therefore, the parties should be prepared to have relevant deposition testimony read sequentially, as if it were being presented live in court by way of direct, cross, and redirect examination. Counsel are requested to brief the following issues of law of interest to the Court:

   a. The standard of malpractice applicable to the defendants in this case.

   b. The extent to which evidence of which the validity of the medical malpractice claim against Charity Hospital must be introduced and considered collaterally in this trial.

      c.      The measure of damages in this case.

      d.      The quality of proof necessary to establish fraud on the part of the defendants.

      e.      The admissibility of the Kannally affidavit in this trial.

4.      The Court will schedule a settlement conference upon the request of counsel.

